### MARSHALL H. HOLMES

*vs.*

### FREDERICK A. WALDRON, EXECUTOR.

### Kennebec. Opinion February 22, 1893.

*Husband and Wife. Action. Mutual Wills.*

An action of assumpsit by a husband against the wife's executor to recover for expenditures on the wife's property, before her death, will not be sustained in the absence of an express or implied promise.

There is no implied promise to pay such expenditures although made upon the expectation of benefits provided for the plaintiff under mutual wills between him and his wife.

ON EXCEPTIONS.

This was an action of money had and received brought under R. S., c. 66, § 14, upon an appeal by the plaintiff from the decision of commissioners, on a claim made by the plaintiff,

against his deceased wife's estate. At the conclusion of the plaintiff's testimony the court ordered a nonsuit and the plaintiff excepted to it.

The case is stated in the opinion.

S. S. Brown, for plaintiff.

Walton and Walton and F. A. Waldron, for defendant.

HASKELL, J. Assumpsit by a husband against the executor of his deceased wife, to recover sums of money expended upon his wife's homestead, during their joint occupancy of the same.

There is no proof of an express promise, on the part of the wife, to pay the plaintiff's claim. Nor do the circumstances of the case raise an implied promise, on her part, to do so. It appears that the plaintiff, a physician, married the testatrix and moved into her home. He immediately repaired and refitted the same, to make it the more comfortable and convenient for their joint use. The inference is that, whatever he did was out of consideration for their joint comfort, and as a voluntary improvement of her property, without any expectation of payment therefor from her.

Soon after their marriage, they executed wills in favor of each other. These, not proving satisfactory, were afterwards destroyed and others executed in their places. The testatrix, however, at a later date, without the knowledge of her husband, executed a new will, that has been proved and allowed in the probate court. By the terms of it, the plaintiff takes a life estate in the homestead, and the use for life of substantially all the household furniture, with right to sell the furniture if necessary for his support after the expenditure of his own property.

It is urged that the outlay, sought to be recovered here, was made upon the expectation of benefits provided for the plaintiff under the mutual wills between them. If it were so, the law would raise no implied promise to pay such expenditure. The most it could do would be to give damages, measured by the difference between benefits expected by the plaintiff under the mutual will, and those actually received under the real will, the expenditure working a consideration for the liability, thus cast

upon the testator. This method of compensation, the plaintiff repudiates. His reasons for doing so are not stated. Perhaps the provision made for him under the last will is quite as valuable as that expected under the former will, although not quite so much to his taste. He has elected to make his claim for actual expenditures. This he cannot maintain, and the nonsuit must be confirmed.                     *Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, and FOSTER, JJ., concurred.